## JOINER v. THOMSON GROCERY CO., Inc.
### (No. 7312.)

Court of Civil Appeals of Texas. Austin.
Dec. 17, 1928.

Rehearing Denied Jan. 9, 1929.

Clem C. Countess, of Belton, for appellant.
J. B. Talley, of Temple, for appellee.

McCLENDON, C. J. This was a suit by Joiner, appellant, against Thomson Grocery Company, Inc., appellee, for a commission for the sale of real estate. The trial court rendered judgment against Joiner, upon a directed verdict, and Joiner has appealed.

The sufficiency of the proof to support a judgment under the pleadings is the controlling question in the case.

We have carefully read the pleadings and the statement of facts, and are clear in the view that the trial court correctly directed a verdict in favor of the defendant. The case does not present any new or difficult question, and it would serve no useful purpose to make a detailed statement of the pleadings or the evidence. We will confine ourselves to a brief outline of the controversy and the reasons upon which our conclusion is grounded.

As pleaded the case was one upon a contract express or implied to pay a commission of 5 per cent. upon procuring a purchaser ready, able, and willing to buy on terms satisfactory to defendant.

The evidence showed that after some negotiations between the parties, a number of letters passed between them (July 30 to August 18, 1926), by which the property was listed with plaintiff at the net price of $19 an acre; plaintiff to have all he realized above that figure as his commission. These letters evidenced a contract in writing between the parties, which superseded all their previous negotiations, and precluded the theory of a contract either express or implied to pay a commission of 5 per cent. upon sale to a purchaser at a price acceptable to defendant.

Under the pleadings (there being no allegation of fraud or unfairness, but solely an alleged breach of an express or implied contract), it was essential for appellant to show that he had offered appellee a purchaser ready, able, and willing to buy at the established contract price, or that a sale had been effected by appellee at that price to a purchaser procured by appellant. It is not contended that the facts make a case under either alternative.

The trial court's judgment is affirmed.
Affirmed.